IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS ALAN POWELL,

        Petitioner,

    v.

GUY HALL,

        Respondent.

Civil No. 07-1386-ST

FINDINGS AND RECOMMENDATION

    Alison M. Clark
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state conviction for Supplying Contraband. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (docket #30) should be denied.

## BACKGROUND

On September 22, 1998, prison officials at the Oregon State Penitentiary discovered that petitioner had hidden a double-edged razor blade between the pages of a dictionary in his cell. Respondent's Exhibit 112. Because the razor blade constituted contraband, petitioner was disciplined within the institution, and was criminally indicted for the crimes of Possession of a Weapon by an Inmate and Supplying Contraband. Respondent's Exhibit 102.

At his pre-trial hearing and with the assistance of his appointed attorney, petitioner filed several unsuccessful *pro se* motions. Respondent's Exhibit 103, pp. 1-49; Respondent's Exhibit 128. Following the rulings on his motions, petitioner agreed to a stipulated facts trial where, according to his attorney's representation to the court, "under the proposed stipulated facts, in all likelihood, the court would find the evidence sufficient to enter a verdict of guilt[y]" as to the charge of Supplying Contraband. Respondent's Exhibit 103 (Trial Tr.), p. 49. The stipulation was as follows:

2 - FINDINGS AND RECOMMENDATION

> On September 22nd of 1998, Corrections Officer Edward did a cell check at Oregon State Penitentiary, which is in Marion County, Oregon, that he found a double-edged razor blade there, and that the double-edged razor blade is not currently permissible or authorized for the defendant to be in possession of that; that it was in defendant's cell, and the defendant is the sole occupant of the cell; and that at the time he was committed to, and under the jurisdiction of the Oregon State Penitentiary.

*Id* at 52.

In exchange for the stipulation, the prosecution: (1) agreed to dismiss the more serious charge of Inmate in Possession of a Weapon; (2) recommended that the court sentence petitioner at the low end of the guideline range; and (3) agreed that petitioner would be free to present any mitigating evidence at sentencing in support of a downward departure. Respondent's Exhibit 128, p. 3. As a result, following the stipulated facts trial, the court imposed a 19-month sentence to be served consecutively to the sentences he was already serving. Respondent's Exhibit 101. The parties agree that the 19-month sentence was at the low end of the applicable guidelines.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 107-108.

Petitioner next filed for post-conviction relief in Umatilla County where the PCR trial court denied relief on all of his

3 - FINDINGS AND RECOMMENDATION

claims. Respondent's Exhibit 125. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 135-136.

Petitioner filed this federal habeas corpus case on September 18, 2007. In his Amended Petition for Writ of Habeas Corpus, petitioner raises two grounds for relief:

1. Petitioner was denied due process of law when the trial court refused to entertain his motion for recusal; and

2. Petitioner was deprived of the effective assistance of counsel when he was advised to agree to a stipulated facts trial without a complete understanding of the consequences of such an agreement.

Respondent asks the court to deny relief on the Amended Petition because: (1) Ground One was not fairly presented to Oregon's state courts and is now procedurally defaulted; and (2) Ground Two was correctly denied on the merits in a state court decision that is entitled to deference.

## FINDINGS

### I. Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to

4 - FINDINGS AND RECOMMENDATION

the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

According to respondent, petitioner failed to fairly present his Ground One due process claim to Oregon's state courts during direct review. A review of the record reveals that petitioner

5 - FINDINGS AND RECOMMENDATION

raised a claim to the Oregon Court of Appeals which is similar to his Ground One claim, but he did not raise the issue as one arising out of the Federal Constitution and cited no federal law. Respondent's Exhibits 104, 106. As a result, petitioner failed to fairly present a federal issue to the Oregon state courts. *See Reese v. Baldwin*, 541 U.S. 27, 32 (2004) (requiring a litigant to indicate the federal nature of his claim at each level of his state court proceedings).

Since he can no longer raise his federal due process claim in Oregon's state courts, it is procedurally defaulted. Petitioner has neither demonstrated cause and prejudice nor made a colorable showing of actual innocence sufficient to excuse his default.

**II.    The Merits**

    **A.    Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

6 - FINDINGS AND RECOMMENDATION

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

### B. Ineffective Assistance of Counsel

According to petitioner, trial counsel's performance fell below an objective standard of reasonableness when he advised petitioner to agree to a stipulated facts trial without ensuring that petitioner understood the consequences of such an agreement. Specifically, petitioner asserts that he did not realize that he would be found guilty immediately and, thus, was deprived of the opportunity to argue that the razor blade could not constitute contraband because the prison had actually issued it to him.

7 - FINDINGS AND RECOMMENDATION

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This same logic applies to stipulated facts trials which are tantamount to guilty pleas.

As an initial matter, petitioner's assertion that he was unaware that the stipulated facts trial would deprive him of his

8 - FINDINGS AND RECOMMENDATION

opportunity to present a defense is not credible. Petitioner's own letter to trial counsel following the stipulated facts trial reflects his understanding that "by so stipulating to the facts that I would be found guilt[y], after some consideration by the judge, of both the Possession of a Weapon and Supplying Contraband Charges." Respondent's Exhibit 128, Attachment A. While petitioner believed he would be given some consideration, he fully expected to be found guilty. In fact, he expected to be found guilty of both charges, not just the lesser offense, yet still proceeded to a stipulated facts trial which he knew would result in his conviction. From a review of the record, it appears that petitioner was primarily concerned with making an adequate record through the presentation of his *pro se* motions to the trial court. Based on this record, it is difficult for petitioner to plausibly assert that had he been more thoroughly advised, he would have insisted on proceeding to a jury trial.

Even if petitioner could credibly assert that he was not adequately advised that he was foregoing an opportunity to present a defense, he still would not be entitled to relief. Petitioner's ineffective assistance of counsel claim is predicated on the validity of a defense that the razor blade was issued by the Oregon State Penitentiary and therefore did not constitute contraband. According to his statement during his prison disciplinary hearing:

> Inmate Powell said the razor blade found in his dictionary was issued to him ten years ago

9 - FINDINGS AND RECOMMENDATION

> by staff for shaving. He said that he had forgotten that he owned the razor blade until approximately seven years ago when he discovered it in his dictionary. He said that he only used the razor blade to cut crossword puzzles from newspapers. . . . Inmate Powell said that at no time was the razor blade ever attached to a weapon or used as a weapon.

Respondent's Exhibit 113.

This is tantamount to an admission that he was guilty of possessing contraband. *Also see* Respondent's Exhibit 128, p. 2.

Even if the razor blade had been issued to petitioner by the Oregon State Penitentiary 10 years earlier, it was clearly contraband at the time of its discovery, and petitioner was knowingly in possession of it. In light of these undisputed facts, as well as petitioner's admission during his prison disciplinary hearing as to the possession of contraband, had he proceeded to trial, it is highly likely that he would have been convicted of Supplying Contraband under ORS 162.185(2). That statute requires only that an inmate knowingly possess any contraband.

Counsel therefore made a sound strategic decision to advise petitioner to enter into a stipulated facts trial on the lesser offense, which amounted to a guilty plea to a charge that he could not have successfully defended. In exchange, the State provided meaningful concessions: petitioner did not have to defend against the more serious charge of being an Inmate in Possession of a Weapon and received a sentence for Supplying Contraband which was at the low end of the sentencing range. Because this constituted

sound strategic advice, counsel's performance did not fall below an objective standard of reasonableness.

For all of these reasons, the PCR trial court's decision denying relief on this claim did not involve an unreasonable application of clearly established federal law.

### **RECOMMENDATION**

For the reasons set forth above, the Amended Petition for Writ of Habeas Corpus (#30) should be DENIED, and a judgment should be entered DISMISSING this case with prejudice.

### **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due July 10, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 22nd day of June, 2009.

                              s/    Janice M. Stewart
                              Janice M. Stewart
                              United States Magistrate Judge